UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**THERESA M. ALBERT**                              Case No. 3:11-cv-085

        **Plaintiff,**

        **Judge Thomas M. Rose**

**-v-**

**JANICE L. SHANNON, et al.,**

        **Defendants.**

---

**ENTRY AND ORDER GRANTING ALBERT'S MOTION FOR AN ORDER PERMITTING SUPERVISED NOTICE OF THIS ACTION TO POTENTIAL OPT-IN PLAINTIFFS AND CONDITIONAL CERTIFICATION OF THIS CASE AS A COLLECTIVE ACTION (Doc. #7)**

---

    Plaintiff Theresa M. Albert ("Albert") has brought an alleged collective action against Defendants Janice L. Shannon and K.P. Shannon, Inc. (collectively referred to as "Shannon and Company") for payment of overtime wages. Albert brings claims pursuant to the Federal Labor Standards Act ("FLSA") and Ohio labor law.

    According to Albert's Complaint, K.P. Shannon is an Ohio corporation with its principal place of business in Beavercreek, Ohio. Janice L. Shannon is the President and owner of K.P. Shannon and has operational control over significant aspects of K.P. Shannon's day-to-day functions.

    Albert was employed by K.P. Shannon to perform accounting duties from on or about June 16, 2008, until on or about February 23, 2011. She alleges that, during this time, she and others: were compensated on an hourly basis; worked hours in excess of the hourly levels specified in the FLSA, 29 U.S.C. § 207; and did not receive overtime pay for the excess hours

worked.

Now before the Court is Albert's Motion for an Order Permitting Supervised Notice of This Action To Potential Opt-In Plaintiffs and Conditional Certification of This Case as a Collective Action. (Doc. #7.) This Motion is now fully briefed and ripe for decision.

An action to recover FLSA liability may be brought in a Federal court by any one or more employees for and on behalf of themselves and other employees similarly situated. 29 U.S.C. § 216(b). Thus, the FLSA provides for so-called collective actions whereby similarly situated persons are permitted to opt into the lawsuit. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). A collective action is different from a class action in that, in a collective action, potential plaintiffs must opt in while in a class action, potential plaintiffs may opt out. *Id.*

Albert has brought this action and now seeks to solicit other similarly-situated employees and former employees to opt in as plaintiffs. The Court uses its discretion to authorize notification of similarly situated employees to allow them to opt in. *Id.*

The Court must first determine whether Albert has shown that the employees to be notified are similarly situated. *Id.* In the Sixth Circuit, a two-step process is used to make this determination. *Id.*

The first step takes place at the beginning of discovery. *Id.* At this time, Albert must show only that her position is similar, not identical, to the positions held by the potential class members. *Id.* This determination is made using a fairly lenient standard and typically result in "conditional certification" of a representative class. *Id.* at 547.

The second step takes place after discovery. *Id.* At this time, the Court examines more

closely the question of whether particular employees are, in fact, similarly situated. *Id.* This is typically called the "decertification" stage, and its hallmark is a motion for decertification filed by the defendant. *Johnson v. TGF Precision Haircutters, Inc.*, 319 F. Supp.2d 753, 755 (S.D. Tex. 2004).

In this case, Albert has presented an Affidavit wherein she affirms that she was employed by K.P. Shannon from June 16, 2008 through February 23, 2011 and performed accounting duties during that time. (Affidavit of Theresa M. Albert ¶¶ 1, 2 Dec. 15, 2011.) She and at least three other accountants were compensated on an hourly basis for the duties that they performed. (Id. at ¶ 4.) According to Shannon, she and the other accountants worked in excess of forty (40) hours per workweek and were not paid overtime. (Id. at ¶¶ 8-9.)

Albert now asks the Court to conditionally certify a class consisting of all current and former accountants who worked for K.P. Shannon in the last three (3) years[1] and who were not paid full and proper overtime compensation for all overtime hours worked. Shannon and Company offer other objections, but none going to the definition of a conditional class.

Shannon and Company argue that the Court need not authorize a proceeding which will necessitate the expenditure of attorneys' fees by all parties upon discovery already completed which reasonably identifies the posture of the possible opt-in claimants. However, the Parties agreed in their Rule 26(f) report that discovery regarding class certification would be complete

---

[1] An FLSA cause of action may be commenced within two (2) years after the cause of action accrued except that a cause of action arising out of a willful violation of the FLSA may be commenced within three (3) years after the cause of action accrued. 29 U.S.C. § 255(a). A cause of action for failure to pay overtime accrues at each regular payday immediately following the work period during which services were rendered and for which overtime compensation is claimed. *Freeman v. National Broadcasting Co., Inc.*, 846 F. Supp. 1109, 1159 (S.D.N.Y. 1993.) Also, Albert has alleged that the Defendants wilfully violated the FLSA.

by November 1, 2011, and the proposed date for filing a motion to certify class would be December 15, 2011. These dates were memorialized in the Court's Preliminary Pretrial Order. Thus, Albert is acting in accordance with the Parties' agreement.

Albert has shown, for purposes of her request to conditionally certify a class, that other employees may be similarly situated. Therefore, the Court conditionally certifies a class of all current and former accountants who worked for K.P. Shannon at any time during the past three (3) years who were compensated on an hourly basis and who did not receive overtime compensation for all overtime hours worked.

Albert has provided a proposed notice and consent form to be sent to each member of the conditionally certified class, and Shannon and Company have offered no comments on this notice and consent form. However, since the notice is to be approved by this Court, Albert's proposed notice and consent form have been modified to satisfy the Court. A copy of both are attached. The Parties have until not later than fourteen (14) days following entry of this Entry and Order to comment on the Court's Notice and Consent To Join form.

The Court will provide a Notice and Consent To Join form to each member of the conditional class. To that end, Shannon and Company are given until not later than fourteen (14) days following entry of this Entry and Order to provide the Court with the names and current home addresses of the members of the conditional class. The Court recognizes that Shannon and Company have provided Affidavits from certain potential conditional class members indicating that they do not wish to participate in this action. However, these employees will be provided with a copy of the Notice and Consent To Join form as required by the law.

Albert's Motion for an Order Permitting Supervised Notice of This Action To Potential

Opt-In Plaintiffs and Conditional Certification of This Case as a Collective Action is GRANTED. A Class is conditionally certified and the Court will provide Notice of this Action to potential opt-in plaintiffs.

**DONE** and **ORDERED** in Dayton, Ohio this First Day of February, 2012.

                                                  **s/Thomas M. Rose**

                                          THOMAS M. ROSE
                                    UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record