# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| THERESA M. ALBERT, | : | Case No. 3:11-CV-85 |
| Plaintiff, | : | |
| | | Judge Thomas M. Rose |
| | | Magistrate Judge Michael J. Newman |
| -vs- | : | |
| JANICE L. SHANNON, *et.al.,* | : | |
| Defendants. | : | |

## ORDER FOR COURT-CONDUCTED MEDIATION

The above-captioned action is hereby set for mediation at **9:30 a.m. on Thursday, June 28, 2012,** in Room 505, at the United States Courthouse and Federal Building, 200 West Second Street, Dayton, Ohio, 45402.   The terms and conditions of the mediation are as follows:

**Designation of Mediator:** On Order of Judge Thomas M. Rose, the undersigned will serve as the mediator in this case.  The case remains assigned for trial and all other purposes to District Judge Thomas M. Rose

**Preparation for Mediation:** Not later than **Thursday, June 21, 2012**, each party shall submit a "Mediation statement" to the Court.  Parties are directed to submit their statement to the Court via e-mail at:  **newman_chambers@ohsd.uscourts.gov**.  The statement shall set forth the relevant positions of the parties concerning factual issues, issues of law, damages, and the settlement negotiation history of the case, including a recitation of any specific demands and offers that have been conveyed.   Statements should not exceed ten pages in length.  **The**

1


**contents of each party's statement will not be shared with the other party, and will only be used to assist the mediator in understanding the parties' respective positions**.  These statements will be maintained by the Court separate and apart from the case file.  If a party is concerned that having all of the parties in the same room at the outset of the mediation could hinder a resolution, that party should inform the mediator of its concerns in the mediation statement **and** contact Gayle Hays, Judicial Assistant to Magistrate Judge Michael Newman at 937-512-1640 at the time of emailing the mediation statement.

**Attendance and Participation:**  Unless excused by the Court, parties or party representatives with complete authority to negotiate a settlement of the case shall attend the mediation session in person.

- For a party which has made a claim in the case, such representative must have final authority, in the representative's own discretion, to authorize dismissal of the claim with prejudice or to accept a settlement payment equal to the opposing party's last offer.

- For a party defending a claim, such representative must have final settlement authority to commit the party to pay, in the representative's own discretion, a settlement amount equal to the opposing party's prayer or last offer, whichever is less.

- Any insurance company which is a party or is contractually required to defend or pay damages, if any, assessed within its policy limits in this case must have a fully authorized representative present.  Such representative must have final settlement authority to commit the company to pay, in the representative's own discretion, an amount within the policy limits, or up to the claiming party's last demand, whichever is less.

- Negotiations may be conducted solely by trial counsel if, but only if, counsel has been fully authorized by his or her client to pay or accept in settlement the amount last proposed by the opposing party in counsel's sole discretion.

**Confidentiality:**  Pursuant to S. D. Ohio Civ. R. 16.39(c), all statements made by the

parties relating to the substance or merits of claims or defenses made in the case, whether written or oral, made for the first time during the mediation conference or in the mediation conference statements required above shall be kept confidential by the Court, the parties, and counsel, and shall not be admissible in evidence for any reason during the trial of this case. This provision does not preclude admissibility in other contexts, such as a motion for sanctions regarding the mediation conference.

**Sanctions:** The Court has no doubt of the good faith of both counsel and the parties in this case. Out of an abundance of caution and because of the experience of many judges in conducting mediation conferences, however, the Court notes that failure to comply with any portion of this Order is sanctionable under Fed. R. Civ. P. 16(f).

May 17, 2012

                                                s/ Michael J. Newman
                                                United States Magistrate Judge